U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 29 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SANDY SMITH, JR. | CIVIL ACTION NO. 1:16-CV-01211 |
| VERSUS | JUDGE DRELL |
| LA. DEPT. OF PUBLIC SAFETY AND CORRECTIONS, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a "motion for emergency injunction" filed by plaintiff Sandy Smith, Jr. ("Smith") in his original complaint (Doc. 1). Smith asks the Court to "terminate the policy, practices and procedure [sic] that are being used at Winn Correctional Center which are in clear violation of the United States Constitution" (Doc. 1). Smith is presently confined in the Winn Correctional Center.

Specifically, Smith complains that he has been in administrative segregation since August 1, 2016 without any recreation time, without a disciplinary hearing, and without proper air and ventilation (Doc. 1). Smith further complains he did not have running cold water in his cell for the first eight days when the temperatures were in the 90's, and that he was forced to endure raw sewage due to a plumbing problem in the cell next to him (Doc. 1). Smith also contends he has been denied access to legal documents and legal books (Doc. 1).

Smith asks the Court to stop these constitutional violations and temporarily waive his *in forma pauperis* application until he has access to the law library to obtain the proper documents and a notary public.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

In order for Smith to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. See Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981).

In the instant case, Smith has failed to meet the requirements set forth above. Smith has not alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result to him before the adverse parties can be heard in opposition, or that there is a substantial threat of irreparable injury to him if his requested injunction is not granted. Smith also has not shown there is a substantial likelihood that his cause will succeed on the merits. Smith's claims will be dealt with in the normal process of this lawsuit.

Moreover, Smith's application to proceed *in forma pauperis* will not be waived or delayed. If Smith experiences any problems filling it out, getting his account

statement, and returning the forms to this Court, he should immediately inform the Court.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Smith's request for a temporary restraining order and/or preliminary injunction (Doc. 1) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana on this 22ⁿᵈ day of August 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge