a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SANDY SMITH, Plaintiff | CIVIL ACTION NO. 1:16-CV-1211-P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| KEITH DEVILLE, ET AL. Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Sandy Smith, Jr. ("Smith") (#544410). Smith has been granted leave to proceed *in forma pauperis*. (Doc. 7). Smith is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Winn Correctional Center ("WCC") in Winnfield, Louisiana. Smith complains that he was placed in administrative segregation without due process and was held there in retaliation for reporting the assault of another inmate. (Doc. 5, p. 3). Smith names as defendants Warden Keith Deville, Michael Shaw, Mona Heyes, James LeBlanc, Captain Ward, Lieutenant Curry, Major Coleman, Warden Floyd, Warden Tigner, Major Jordan, Major McFarland, Major Chapman, Captain Tolbert, Captain Hayes, and Officer Thomas.

I. Background

Smith alleges that, on August 1, 2016, he was placed in administrative segregation for allegedly violating a prison disciplinary rule. (Doc. 5, p. 3). While in segregation, Smith witnessed several officers use excessive force on another inmate,

resulting in the inmate's death. (Doc. 5, p. 3). Smith informed a family member about the inmate's death and asked the family member to notify law enforcement. (Doc. 5, p. 3).

Smith alleges that the sheriff arrived at WCC to interview him about the assault on August 12, 2016, the date Smith was supposed to be released from segregation. (Doc. 5, p. 3). Thereafter, Smith remained in segregation for three additional weeks. (Doc. 5, p. 3). Smith contends that the period of segregation was extended in retaliation for reporting the excessive force incident. (Doc. 5, p. 3).

## II. Law and Analysis

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" Jones, 188 F.3d at 325 (citations omitted).

Smith claims that he was placed in segregation due to an alleged rule violation. Smith should provide a copy of his disciplinary write-up and documentation showing its disposition or dismissal.

Smith claims that his period in administrative segregation was extended for three weeks in retaliation for reporting an inmate assault. However, Smith does not identify which defendants committed the retaliatory act. Smith should amend his complaint to identify which defendant(s) ordered him to remain in administrative segregation after his meeting with the sheriff. Smith should provide copies of any paperwork related to his administrative segregation.

Additionally, Smith should provide factual support for his claim that he was originally scheduled to be released from segregation on August 12, 2016. If Smith has no written documentation, he should state how he concluded that he was supposed to be released on that date.

Finally, Smith should provide a copy of his administrative grievance and any response he received from Heyes or other WCC officials.

### III. Conclusion

**IT IS ORDERED** that Smith amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal will be recommended under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 7th day of November, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge