c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SANDY SMITH, Plaintiff | CIVIL ACTION NO. 1:16-CV-1211-P |
| VERSUS | JUDGE TRIMBLE |
| KEITH DEVILLE, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Amend Complaint ("Motion to Amend") (Doc. 14), and Petition for Writ of Mandamus and Request for Temporary Restraining Order ("TRO") (Doc. 15), filed by pro se Plaintiff Sandy Smith, Jr. ("Smith") (#544410). Because Smith's Motion to Amend (Doc. 14) does not remedy the deficiencies which caused the closure of this action, it should be denied. Smith's Petition for Writ of Mandamus (Doc. 15) should be denied for lack of jurisdiction under 28 U.S.C. § 1361. Smith's Request for TRO (Doc. 15) should be denied as duplicative and because the case is closed.

I. Background

Smith filed a civil rights complaint (42 U.S.C. § 1983) titled as a "Motion for Emergency Injunction" (Doc. 1) on August 23, 2016. Smith is an inmate in the custody of the Louisiana Department of Corrections ("DOC"). Smith was incarcerated at Winn Correctional Center ("WCC") in Winnfield, Louisiana. He is now in the Beauregard Parish Transitional Work Program in DeQuincy, Louisiana. (Doc. 17).

Smith was ordered to submit his petition on proper forms. (Doc. 4). Smith complied. (Doc. 5). Smith was granted leave to proceed *in forma pauperis*. (Doc. 9).

Smith's Motion for Emergency Injunction (Doc. 1) sought termination of the policies, practices, and procedures being used at WCC which he alleged are in violation of the United States Constitution. (Doc. 1). Smith alleged his right to Due Process was violated when he was placed in administrative segregation on August 1, 2016, and denied a disciplinary hearing as to why he was being held. (Doc. 1). Smith further asserted he was subject to cruel and unusual punishment while detained, was retaliated against for filing administrative remedy procedure against an officer, and was restricted access to legal documents and books. (Doc. 1). On August 29, 2016, the undersigned recommended Smith's Motion for TRO and/or preliminary injunction in the Complaint (Doc. 1) be denied. (Doc. 3). On December 2, 2016, the district judge adopted the recommendation and denied Smith's request for TRO and/or preliminary injunction. (Doc. 12).

Smith's Amended Complaint alleged that he was retaliated against for reporting the assault and death of another inmate. (Doc. 5). Smith named as Defendants Warden Keith Deville, Michael Shaw, Mona Heyes ("Heyes"), James LeBlanc, Captain Ward, Lieutenant Curry, Major Coleman, Warden Floyd, Warden Tigner, Major Jordan, Major McFarland, Major Chapman, Captain Tolbert, Captain Hayes, and Officer Thomas. (Doc. 5). Specifically, Smith alleged he was placed in administration segregation on August 1, 2016 for violation of a prison disciplinary rule. (Doc. 5). Smith alleged that, while in segregation, he observed several officers

use excessive force on another inmate causing his death. (Doc. 5). Smith claimed he contacted his family member to tell them and to contact the Winn Parish sheriff. (Doc. 5). Smith further alleged that on August 12, 2016, the date he was interviewed by the sheriff, he was scheduled to be released from segregation. (Doc. 5). Smith claimed he was denied release until September 2, 2016, in retaliation for contacting the sheriff. (Doc. 5). Smith alleged this was without a disciplinary hearing, in violation of his right to due process. (Doc. 5). Smith further alleged he was subjected to cruel and unusual punishment. (Doc. 5). Smith sought monetary compensation, and changes in policies, practices, and procedures at DOC and WCC. (Doc. 5).

Smith again was ordered to amend his Complaint to identify: (1) which defendants committed the retaliatory act; (2) which defendant(s) ordered him to remain in administrative segregation after meeting with the sheriff; and (3) to provide copies of any paperwork related to his administrative segregation. (Doc. 11). Smith was also ordered to provide factual support for his claim that he was originally scheduled to be released from segregation on August 12, 2016, or how he concluded he was supposed to be released on that date. (Doc. 11). Smith was further ordered to provide a copy of his administrative grievance(s) and any response(s) he received from Heyes or other WCC officials. (Doc. 11). The undersigned ordered the amendment within 30 days, subject to recommendation of dismissal. (Doc. 11). On January 13, 2017, the district judge noted Smith failed to comply with the order by December 7, 2016, and dismissed Smith's action without prejudice. (Doc. 13).

Now comes Smith, on January 25, 2018, 377 days after the judgment of dismissal, seeking to amend his Complaint (Doc. 14), and seeking a Writ of Mandamus and TRO (Doc. 15).

II. Law and Analysis

   A. Smith's Motion to Amend should be denied.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court . . . ." The district court also has the inherent authority to dismiss an action *sua sponte,* without motion by a defendant. Link v. Wabash R. R. Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Davis v. Deville, 2017 WL 5929963, *8 (W.D. La. 2017) (citing McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988)).

Smith's Complaint was dismissed without prejudice for failure to comply with the Court's order to amend his Complaint. (Doc. 13). Smith now seeks to amend his complaint more than a year after the judgment of dismissal for his failure to comply with the Court's order to amend. (Doc. 13). Although the Federal Rules of Civil Procedure do not specifically provide for a motion to reopen a case, "[o]nce a final judgment has been entered, a plaintiff may seek to amend only by appealing or by seeking to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59 or 60." United States v. Martinez, 696 Fed.Appx. 153, 154 (5th Cir. 2017) (per curiam) (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)); see

4

also Texas A&M Research Found. V. Magna Transp., Inc., 338 F.3d 394, 400 (5th Cir. 2003).

Litigants seeking to alter or amend a judgment under Rule 59(e), must do so no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). As is the case here, Rule 60(b) applies to those cases in which the true merits might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence. Fackelman v. Bell, 564 F.2d 734, 735-36 (5th Cir. 1977). Here, Smith is not seeking to alter or amend the judgment of dismissal, nor did he file the instant motion to amend within 28 days of judgment. Rather, Smith seeks to reopen his case to amend his Complaint after final judgment. (Doc. 14). Thus, Smith's Motion to Amend Complaint (Doc. 14) should be construed as a motion for relief from judgment under Rule 60(b) to reopen his case and amend his complaint.

Under Rule 60(b), a district court may vacate a judgment for any of the following reasons:

> 1) mistake, inadvertence, surprise, or excusable neglect;
> 2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> 3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> 4) the judgment is void;
> 5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the

judgment or order or the date of the proceeding." Fed.R.Civ.P 60(c)(1); see also Sanches v. U.S. Probation Office, 294 Fed. Appx. 947 (5th Cir. 2008) (per curiam).

Smith seeks to amend his Complaint to include more specific allegations against the individual named defendants. (Doc. 14). The Court finds that Smith has not established a basis for the Court to grant relief under Rule 60(b). Smith's motions were filed more than one year after the entry of judgment. (Docs. 13, 14). Therefore, Smith is foreclosed from seeking relief to the extent it is based on grounds of mistake, newly discovered evidence, fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b). Smith's proposed amendment, while providing more specific allegations, does not remedy the deficiencies which caused the closure of this action. Smith's proposed amendment fails to submit any of the documentation ordered by the Court. (Doc. 13). And no reasons under Fed. R. Civ. P. 60(b) have been alleged or shown.

Smith's motion falls under Fed. R. Civ. P. 60(b)(6), the "catch-all" provision that permits a court to relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); see also Hess v. Cockrell, 281 F.3d 212, 215-16 (5th Cir. 2002). Rule 60(b)(6) motions "will be granted only if extraordinary circumstances are present." Hess, 281 F.3d at 216 (quoting Bailey v. Ryan Stevedoring Co., Inc., 894 F.2d 157, 160 (5th Cir. 1990), cert. denied, 498 U.S. 829 (1990)). The desirability of finality in judgments categorically weighs against granting Rule 60(b) motions, particularly when reopening a judgment could unfairly prejudice the opposing party. Pickney v. Strategic Restaurants Acquisition Co. LLC,

6

2018 WL 1975044, at *3 (W.D. La. 2018) (citing Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977)).

To the extent Smith contends he is entitled to relief under the "catch-all" provision of Rule 60(b)(6), Smith has not demonstrated the extraordinary circumstances required for relief. Fed. R. Civ. P. 60(b)(6); Hess, 281 F.3d at 216. Therefore, Smith's motion to amend (Doc. 14), construed as a motion to reopen the judgment under Rule 60(b) to amend his complaint, should be denied.

### B. Smith's Petition for Writ of Mandamus and Request for TRO should be denied.

Smith also seeks a writ of mandamus and TRO under Fed. R. Civ. P. 65(b). (Doc. 15). Smith's first request for TRO and/or preliminary injunction, titled as "Motion for Emergency Injunction," (Doc. 1) was denied on December 2, 2016. (Doc. 12).

Smith's Petition for Writ of Mandamus (Doc. 15), to the extent it seeks federal mandamus jurisdiction under 28 U.S.C. § 1361, should be denied for lack of jurisdiction. See Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997); Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973). Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties. Id. Mandamus relief is available "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Here, the Defendants are not federal officers, employees, or agencies. Thus, the Court lacks jurisdiction to issue a writ of mandamus to compel Defendants to perform an alleged duty. See id.

Additionally, Smith's current Request for TRO contains essentially the same allegations as before, except Smith now adds that the acts of retaliation have caused his action to be dismissed for failure to respond. (Doc. 15). Smith also alleges that Warden James Keith Deville, Assistant Warden Jody Floyd, and Lieutenant Perry threatened to confiscate Smith's legal documents on or about November 16, 2017. (Doc. 15). Smith now seeks Defendants be ordered to answer any and all Administrative Remedy Procedure ("ARP"). (Doc. 15). In all other aspects, Smith's motion is duplicative of his previous request for TRO denied by the Court. (Doc. 12).

Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing…adequate law libraries or adequate assistance from persons trained in the law." Id. "Bounds did not create an abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996). Smith must show actual injury. Id. Smith's Request for TRO asserts denial of access to the law library caused his action to be dismissed. Bounds established no such right; rather it simply acknowledged access to the courts. Bounds, 430 U.S. at 817.

Moreover, Smith has failed to set forth specific facts showing that he was denied access to the courts or that he is entitled to the relief requested. It is evident by Smith's filing of the instant motions that he is able to access the Court to litigate

8

his case, but simply failed to do so. For the reasons set forth in the undersigned's previous recommendation (Doc. 3), Smith's Request for TRO (Doc. 15), to the extent the relief requested is duplicative, and because this case is closed, should be denied. Additionally, to the extent Smith's Request for TRO is not duplicative, Smith has failed to establish he is entitled to the requested relief.

### III. Conclusion

Accordingly,

IT IS RECOMMENDED that Smith's Motion to Amend Complaint (Doc. 14), to the extent it can be construed as a Motion to Reopen, should be DENIED.

IT IS FURTHER RECOMMENDED that Smith's Petition for Writ of Mandamus and Request for Temporary Restraining Order (Doc. 15) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __31st__ day of May, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge